## In re HERLEY SECURITIES LITIGATION.

### Civ. A. No. 94–3062.

United States District Court, E.D. Pennsylvania.

April 5, 1995.

Sherrie R. Savett, Philadelphia, PA, for plaintiff.

James H. Thomas, Blakinger, Byler & Thomas, P.C., Lancaster, PA, for defendants, Lee N. Blatt, Myron Levy, Gerald I. Klein and Herley Industries, Inc.

## MEMORANDUM

HUYETT, District Judge.

### I. *Introduction*

This action is brought by shareholders against Herley Industries, Inc. ("Herley") and three of its senior executives, Lee N. Blatt, Gerald I. Klein, and Myron Levy. Defendant Herley is a Delaware corporation with its principal place of business in Lancaster, Pennsylvania. Herley designs, manufactures, and sells flight instrumentation products to aerospace companies, the federal government, and foreign governments.

Plaintiffs contend that, throughout the Class Period, Defendants publicly disseminated materially false and misleading information concerning the financial conditions,

operating results, and prospects of Herley, through press releases and other public statements, including reports filed with the Securities and Exchange Commission ("SEC"). Plaintiffs further contend that these allegedly false and misleading statements resulted in injury to members of the Class. In Count I, Plaintiffs allege violations of sections 10(b) and 20 of the Securities Exchange Act of 1934, as amended, 15 U.S.C. §§ 78j, 78t, and of Rule 10b–5, 17 C.F.R. 240.10b–5. In Count II, Plaintiffs allege a claim of common law negligent misrepresentation under Pennsylvania law.

Pending is Plaintiffs' Motion for Class Certification. Plaintiffs propose a class comprised of the following plaintiffs:

> [A]ll persons and entities who purchased shares of Herley Industries, Inc. ("Herley" or the "Company") common stock during the period from June 21, 1993 through and including April 26, 1994 (the "Class Period") and were damaged thereby. Excluded from the class are defendants herein, officers and directors of Herley, members of the immediate family of each of the individual defendants and affiliates, successors and assigns of the defendants.

Pls.' Mem. in Supp. of Their Mot. for Class Certification at 1. The named plaintiffs and proposed class representatives are National Mortgage Corporation ("National Mortgage"), Michael Kaptzan ("Kaptzan"), Herbert R. Behrens and Martin Bergstein Trustees FBO Herbert R. Behrens DTD ("Trustees"), and Rose Goodman ("Goodman"). On December 31, 1993, National Mortgage purchased 5,000 shares of stock at $6⅝ per share. On March 22, 1994, Kaptzan purchased 2,000 shares of stock at $7⅛, and the Trustees also purchased 2,000 shares at $7⅛. On March 23, 1994, Goodman purchased 2,000 shares at $7⅛. Compl. ¶¶ 5–8.

The proposed Class Period is the time between June 21, 1993, the date Herley announced that its acquisition of its principal competitor, Vega Precision Laboratories, Inc. ("Vega"), was complete, and April 26, 1994, the date of a Herley press release which announced that "operating income for the third quarter of fiscal 1994 would be 'significantly reduced' because the Company would incur $4 million in expenses for claims from certain foreign customers of Vega," and that Herley was "seeking indemnification from the former principals of Vega." Compl. ¶ 43.

## II. *Discussion*

To sue as a class, Plaintiffs must meet the four requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Rule 23(a) provides as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

For a class action to be maintained, one or more of the subsections of Rule 23(b) must be satisfied. Rule 23(b)(3) applies in this case and requires in relevant part:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition ... (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed.R.Civ.P. 23(b). The Third Circuit liberally construes Rule 23 when shareholders seek to sue as a class. *Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir.), *cert. denied*, 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 290 (1985) (holding "the interests of justice require that in a doubtful case ... any error, if there is to be one, should be committed in favor of allowing a class action." (citations omitted)).

### A. *Federal Securities Claim*

Even though Defendants do not contest that with respect to Count I, the proposed class is adequate, the Court must ensure compliance with the dictates of Rule 23. *See General Tel. Co. of Southwest v. Falcon*, 457

U.S. 147, 161, 102 S.Ct. 2364, 2372–73, 72 L.Ed.2d 740 (1982); *Seidman v. American Mobile Sys., Inc.,* 157 F.R.D. 354, 359 (E.D.Pa.1994). Therefore, the Court examines Plaintiffs' allegations relating to each prong.

### 1. *Rule 23(a) Requirements*

■ The proposed Class satisfies the requirements of Rule 23(a). The Court finds that the numerosity requirement of Rule 23(a)(1) is satisfied because Plaintiffs allege that more than 3.6 million shares of Herley common stock were traded during the Class Period by hundreds of investors. *See Seidman v. American Mobile Sys., Inc.,* 157 F.R.D. at 359. The Court finds that the commonality requirement of Rule 23(a)(2) is satisfied because Plaintiffs have alleged a single course of wrongful conduct, which generally satisfies the commonality requirement. *Seidman,* 157 F.R.D. at 360. The Court finds that Plaintiffs meet the typicality requirement of Rule 23(a)(3). Plaintiffs have alleged that the claims of the proposed class representatives and all other members of the Class purchased Herley securities at prices artificially inflated because of false and misleading statements and omissions contained in documents publicly disseminated by Defendants during the Class Period. Finally, the Court finds that the requirements of Rule 23(a)(4) are met and that the proposed class representatives will fairly and adequately protect the interests of the class. Based on the Complaint and the Motion for Class Certification, the Court finds that the interests of the class representatives are not antagonistic to the interests of the class and that the class representatives' attorneys are qualified, experienced, and generally able to conduct the proposed litigation. *See Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 923 (3d Cir.1992).

### 2. *Rule 23(b)(3)*

■ To meet the requirements of Rule 23(b)(3), common questions of law or fact must predominate over individual questions and the class action must be superior to other available methods for fair adjudication of the controversy. As set forth in the discussion of the commonality requirement of Rule 23(a)(2), Plaintiffs allege a single, ongoing course of wrongful conduct. Pursuant to Rule 10b–5, Plaintiffs must prove "reliance" on Defendants' alleged misrepresentations or omissions. Reliance may be shown through direct, personal reliance, or by employing the rebuttable presumption of reliance permitted by the fraud-on-the-market theory. *Basic, Inc. v. Levinson,* 485 U.S. 224, 241–47, 108 S.Ct. 978, 988–92, 99 L.Ed.2d 194 (1988); *Hayes v. Gross,* 982 F.2d 104, 106 (3d Cir. 1992). Because the fraud-on-the-market theory is available, all members of the class need not prove they individually relied on an omission or misrepresentation of material facts. Because common questions of fact predominate over the individual question of reliance, the dictates of Rule 23(b)(3) are satisfied.

### 3. *Class Period*

■ Defendants seek a hearing to consider the range of stock prices over the proposed Class Period and possible reasons that may have contributed to the decline in Herley's stock prices. In addition, Defendants seek to have the Court consider evidence concerning when Defendants first knew or should have known about the non-performing equipment claims that led to the April 26, 1994 press release. In effect, Defendants want the Court to make a decision on the merits during its consideration of the pending motion.

To determine these issues at this time is inappropriate. Preliminary assessment on the merits should be deferred until later in the proceedings. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974) (holding that the court has no authority to conduct a preliminary inquiry into the merits of an action to determine whether it may be maintained as a class action); *Sherin v. Gould,* 115 F.R.D. 171, 174–75 (E.D.Pa.1987) (approving a longer class period when a substantial question of fact remained with respect to whether a release cured an alleged misrepresentation). Plaintiffs have alleged that Defendants pursued an ongoing course of conduct over ten months, resulting in an inflated price for the stock and injury to the

proposed class. An inquiry into Defendants' intent and reasons why the stock price may have fallen would require the Court to impermissibly consider the merits of Plaintiffs' claims. The Court will permit Plaintiffs to proceed as a class with respect to Count I without narrowing the Class Period.

### B. *Negligent Misrepresentation Claim*

■ The Court will not permit maintenance of a class with respect to the claim based on common law negligent misrepresentation because the proposed class does not satisfy Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Pennsylvania courts have adopted the elements of negligent misrepresentation as set forth in the Restatement (Second) of Torts § 552. *Mill–Mar, Inc. v. Statham,* 278 Pa.Super. 296, 420 A.2d 548, 550 (1980), *appeal dismissed,* 499 Pa. 219, 452 A.2d 1017 (1982). *See also J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 615 (3d Cir.1987). Section 552(1) states:

> One who, in the course of his business profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552(1). As with Rule 10b–5, to prevail, Plaintiffs must prove that they relied on false information supplied by Defendants. Thus, whether each member of the class can show that he or she individually relied on the allegedly false information provided by Defendants presents substantial issues of fact. Pennsylvania has never adopted the fraud-on-the-market theory for common law negligent misrepresentation claims, and courts have reached different conclusions concerning the availability of class actions for negligent misrepresentation claims under Pennsylvania law.

Some courts have held that individual questions of reliance predominate in a negligent misrepresentation claim. *See, e.g.,* *Friedman v. Lansdale Parking Auth.,* No. Civ.A. 92–7257, 1993 WL 338174 (E.D.Pa. Aug. 30, 1993); *In re Scott Paper Co. Sec. Litig.,* 142 F.R.D. 611, 617 (E.D.Pa.1992) ("Common law negligent misrepresentation claims raise issues which are individual to each plaintiff and would overshadow the common issues."). Other courts have stated that common questions predominate despite individual questions of reliance. *See, e.g., First Eastern Corp. v. Mainwaring,* No. Civ.A. 92–1176, 1993 WL 223607 (E.D.Pa. June 22, 1993). Still other courts have avoided the reliance requirement, by holding that the fraud-on-the-market theory of presumed reliance is applicable to a Pennsylvania common law claim of negligent misrepresentation. *See In re Chambers Dev. Sec. Litig.,* 848 F.Supp. 602, 626 (W.D.Pa.1994) (refusing to dismiss claim on motion to dismiss); *In re Atlantic Financial Fed. Sec. Litig.,* Civ.A. No. 89–0645, 1990 WL 171191, *2–3 (E.D.Pa. Oct. 31, 1990) (predicting Third Circuit today would recognize fraud on the market theory); *In re Healthcare Servs. Group, Inc. Sec. Litig.,* Civ.A. No. 91–6097, 1993 WL 54437 (E.D.Pa. Mar. 1, 1993).

This Court rejects the proposition that the Pennsylvania Supreme Court would recognize the fraud on the market theory with respect to common law negligent misrepresentation claims. *See In re Westinghouse Sec. Litig.,* 832 F.Supp. 948, 989 (W.D.Pa. 1993) (predicting that Pa.Supreme Ct. would not adopt the fraud on the market theory of reliance). Because Pennsylvania courts have adopted the Restatement definition of negligent misrepresentation, the Court cannot reasonably predict that the Pennsylvania Supreme Court would eviscerate the causation requirement using the fraud-on-the-market theory. Because each class member would be required to prove reliance, this individual issue of fact predominates over questions of fact common to the members of the class. For this claim, a class action is not superior to the other available methods for adjudication of the controversy.

### III. *Conclusion*

This action may proceed as a class action in Count I pursuant to Rule 23(b)(3). How-

ever, this decision is made without prejudice to, and may not be used to oppose, the right of any party to seek hereafter (1) modification of the class as defined herein, (2) establishment of subclasses, or (3) revocation of leave to proceed as a class action on the ground that class action treatment is not appropriate for all or part of the class.

This action may not proceed as a class with respect to Count II.